IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN REED DAVISON II, )
)
)
Plaintiff, )
)
vs. ) Case No. 2:13-CV-2309-JAR
)
GRANT THORNTON LLP, )
*et al.*, )
)
Defendants. )
_____ )

# MEMORANDUM AND ORDER

Plaintiff Allen Davison ("Plaintiff") filed this *pro se* civil action against Defendants Grant Thornton LLP, Bryan Cave LLP, John Barrie, Stephen Chipman, Scott Curtin, Dean Jorgenson, and Mark Stutman, requesting damages for violations of fiduciary and contractual duties and for violations of "multiple statutes."[1] Before the Court are Defendants Grant Thornton LLP, Stephen Chipman, Scott Curtin, Dean Jorgenson, and Mark Stutman's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction or to Compel Arbitration (Doc. 3), Defendants Bryan Cave LLP and John Barrie's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (Doc. 5), and Plaintiff's Motion for Temporary Injunction Against Defendants (Doc. 8). The motions are fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendants' motions to dismiss and denies Plaintiff's Motion for Temporary Injunction.

---

[1]Doc. 1 at 3.

**I.      Legal Standard**

The Court evaluates Defendants' jurisdictional claim under Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[2] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[3] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper;[4] here, "[P]laintiff bears the burden of showing why the case should not be dismissed."[5] Mere conclusory allegations of jurisdiction are not enough.[6]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[7]

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject

---

[2]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[3]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4]*Montoya*, 296 F.3d at 955.

[5]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[6]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

[7]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

> matter jurisdiction, a district court may not presume the truthfulness
> of the complaint's factual allegations. A court has wide discretion to
> allow affidavits, other documents, and a limited evidentiary hearing
> to resolve disputed jurisdictional facts under Rule 12(b)(1).[8]

In this case, Defendants factually attack Plaintiff's allegations of subject matter jurisdiction, contending that Defendants Bryan Cave LLP and Grant Thornton LLP have partners who reside in the same state as Plaintiff. Given this factual attack, the Court considers the allegations in the Complaint, as well as other documents described more fully below. Defendants Bryan Cave LLP and Grant Thornton LLP attached to their briefs in support of their motions to dismiss, affidavits of their Kansas City offices' managing partners, Laurence M. Frazen and Brett L. Lewis respectively, which the Court considers.[9] And the Court considers Plaintiff's Business Entity Search printouts from the website, www.kansas.gov, that Plaintiff attached to his response.[10]

## II. Discussion

This Court may have subject matter jurisdiction over a case in two primary ways: diversity jurisdiction[11] or federal question jurisdiction.[12] Because Plaintiff appears to assert both diversity and federal question jurisdiction, the Court will address both.

### A. Diversity Jurisdiction

On the form Complaint, Plaintiff invokes the Court's diversity jurisdiction. Based on

---

[8]*Id.* at 1003 (internal citations omitted); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[9]Docs. 4–1 and 6–1.

[10]*See* Doc. 7–1.

[11]28 U.S.C. § 1332.

[12]28 U.S.C. § 1331.

the Complaint and documents that the parties attached to their briefs, the Court takes as true the following undisputed facts. Plaintiff is a resident of Overland Park, Kansas. Defendants Bryan Cave LLP and Grant Thornton LLP are foreign limited liability partnerships doing business in Kansas. Defendants Bryan Cave LLP and Grant Thornton LLP have partners who are residents of the state of Kansas.

Diversity jurisdiction exists only when the amount-in-controversy requirement is met and the parties are completely diverse,[13] a condition not met in this case. Because Plaintiff and at least one defendant are citizens of the same state, the Court lacks diversity jurisdiction over the case. "To sustain diversity jurisdiction there must exist an 'actual', 'substantial', controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."[14]

Plaintiff appears to argue that Defendants Bryan Cave LLP and Grant Thornton LLP's status as foreign limited liability partnerships "merely conducting business in Kansas"[15] renders them nonresidents of Kansas. The registration of Defendants as foreign limited liability partnerships does not control for the purposes of determining diversity jurisdiction. The citizenship of a limited liability partnership depends upon the citizenship of *all* of its partners.[16] Defendants Bryan Cave LLP and Grant Thornton LLP have supplied affidavits attesting to the residency of several partners in Kansas, where Plaintiff is also a resident. Therefore, the Court

---

[13]28 U.S.C. § 1332(a).

[14]*City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (citations omitted).

[15]Doc. 7 at 1.

[16]*Penteco Corp. Ltd. P'Ship–1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (emphasis added).

4

finds that complete diversity pursuant to Section 1332(a) is lacking.[17]

### B. Federal Question Jurisdiction

Although the pleadings are unclear, Plaintiff may also be alleging a RICO claim, which would give the Court federal question jurisdiction over the case. "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[18] While Plaintiff does not cite to any specific statute in the "Statement of Claim" section of his Complaint, in setting forth the damages sought he includes "Treble Factor" damages and cites to the Racketeering, Influenced, and Corrupt Organization Act ("RICO").[19] Additionally, Plaintiff indicated on his Civil Cover Sheet that his cause of action was based on RICO and diversity jurisdiction.[20] In his response to Defendants' motions, Plaintiff adds that the case is "fraught" with federal questions, including violations of "RICO, the Internal Revenue Code, federal securities law, federal banking laws, interstate commerce and the United States Constitution."[21] However, Plaintiff does not point to any particular sections of these federal laws and only refers to them generically.

Because Plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and

---

[17]*Postal Tele. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894).

[18]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[19]18 U.S.C. § 1962.

[20]*See* Doc. 2 at Parts II and IV.

[21]Doc. 7.

apply a less stringent standard than that which is applicable to attorneys.[22] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[23] Liberally construing the allegations in Plaintiff's form Complaint, the Court concludes that Plaintiff is attempting to seek damages for violations of RICO. In light of this conclusion, the Court considers whether Plaintiff has failed to state a RICO claim such that the Court lacks federal question jurisdiction. Because jurisdiction is predicated on the existence of a federal question, determining whether the complaint contains a short and plain statement of the grounds for the court's jurisdiction requires a evaluation of the substantive claim. To that end, the Court will address the motion to dismiss the RICO claim under Fed. R. Civ. P. 12(b)(6).[24]

### C. Rule 12(b)(6)

Alternatively, Defendants Bryan Cave LLP and John Barrie move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[25] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of

---

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Whitney v. N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

[24] *See also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.").

[25] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

mustering factual support for these claims."[26]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[27]  "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[28]

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.[29]  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[30]  "In other words, plaintiff must allege sufficient facts to state a claim that is plausible—rather than merely conceivable—on its face."[31]  The court makes all reasonable inferences in favor of plaintiff.[32]  The court need not accept as true those allegations that state only legal conclusions.[33]  Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be

---

[26]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[27]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[28]*Id.*

[29]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[30]*Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing *Twombly*, 127 S. Ct. at 1964-65).

[31]*Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

[32]*See Zinermon*, 494 U.S. at 118; *see also* Fed. R. Civ. P. 8(a).

[33]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

proved.[34]

To establish a civil claim under RICO, Plaintiff must allege that Defendants "(1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[35] "A pattern of racketeering activity must include commission of at least two predicate acts."[36]

Plaintiff alleges that Defendants disavowed knowledge of and responsibility for certain tax advice, which prompted a federal investigation of Plaintiff. The investigation resulted in a civil injunction, issued by the United States District Court for the Western District of Missouri. Plaintiff now seeks damages for Defendants' misrepresentation of his role in providing tax advice before the federal government and violations of fiduciary and contractual duties and "multiple statutes."

Plaintiff fails to meet the pleading requirement for his RICO claim. Plaintiff indicates that his claims were based on "federal question jurisdiction" and cites "RICO" as the sole U.S. Civil Statute supporting his cause of action on his Civil Cover Sheet. Plaintiff refers to RICO in the Complaint on one occasion as an "explanation" for $17,238,000.00 in treble damages he seeks.[37] While Plaintiff goes on to allege that Defendants' conduct violated "multiple statutes," a mere generic reference to these statutes does not raise his claims above the speculative level such that they appear plausible. Plaintiff, in a conclusory fashion, states that the basis for his claims

---

[34]*Id.*

[35]*BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1100 (10th Cir. 1999) (quoting *Resolution Trust Corp .v Stone*, 998 F.2d 1534, 1541 (10th Cir. 1993)).

[36]*Garret v. Selby Conner Maddux & Janer,* 425 F.3d 836, 838 (10th Cir. 2005) (quoting *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003)).

[37]Doc. 1 at 3, ¶ III.G.

rests on Defendants' misrepresentation of his role "in researching, developing, advising, and promoting the tax advice challenged by the federal government." However, he does not allege how this conduct related to any of the RICO elements, including racketeering activity. Because Plaintiff failed to allege any specific acts to support a claim for violations of RICO or any other federal law under the most liberal construction, there is no basis for him to assert federal question jurisdiction under 28 U.S.C. § 1331. Because Plaintiff has failed to meet his burden of establishing that federal jurisdiction is proper, Defendants' motions to dismiss must be granted.

Because the Court finds that it lacks subject matter jurisdiction, it need not proceed to determine whether Plaintiff's claims against Defendant Grant Thornton LLP should be resolved through arbitration. The Court also finds Plaintiff's Motion for Temporary Injunction Against Defendants Bryan Cave LLP and Grant Thornton LLP is now moot given that the Court does not have subject matter jurisdiction over this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Grant Thornton LLP, Stephen Chipman, Scott Curtin, Dean Jorgenson, and Mark Stutman's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction or to Compel Arbitration (Doc. 3) and Defendants' Bryan Cave LLP and John Barrie's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (Doc. 5) are **granted** and this case is dismissed in its entirety against all Defendants.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Injunction Against Defendants (Doc. 8) is **denied** as moot.

**IT IS SO ORDERED.**

Dated: March 27, 2014

    S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE